# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,
      Plaintiff,

  v.                                                   Case No. 22-C-239

JENNIFER H. KOSTRZEWA, et al.,
      Defendants.

## SCREENING ORDER

Plaintiff Lloyd T. Schuenke, who is confined at the Milwaukee Secure Detention Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves plaintiff's motions for leave to proceed without prepaying the filing fee and screens his complaint.

**I. MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

The plaintiff filed two motions seeking leave to proceed without prepaying the filing fee. The first is hand-written and provides no information about the plaintiff's assets. ECF No. 2. The second is a completed form motion, which the Clerk's office provided to the plaintiff. ECF No. 5. The plaintiff's trust account statement shows no balance and no transactions at all, neither withdrawals nor deposits. Because he has no funds, the plaintiff

will not be required to pay an initial partial filing fee. I will grant the plaintiff's completed motion and deny his hand-written motion as unnecessary. He remains obligated to pay the full $350 filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

In the present action, the plaintiff sues various Wisconsin officials involved with the computation of his criminal sentence and his ongoing extended supervision, including his agent, Jennifer Kostrzewa. The plaintiff has separately filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he raises some of the same issues he raises here. The habeas case is also assigned to me. *See* E.D. Wis. Case No. 21-C-1353.

In his complaint, the plaintiff generally alleges facts relating to his criminal history, which extends back to 1990. However, his claims focus on a series of convictions and sentences that were imposed in 2008 and 2009. On April 2, 2008, the plaintiff was charged with failing to register as a sex offender. The plaintiff was convicted of the charge and sentenced to two years in prison, but his sentence was stayed in favor of probation. (Compl. ¶ 11.) While he was serving the term of probation, the plaintiff was arrested on charges of battery, substantial battery, and intimidation of a victim. (*Id.* ¶ 12.) These charges led to the revocation of his probation. The plaintiff alleges that, due to the revocation of his probation, he began serving his two-year term of imprisonment in the failure-to-register case on December 3, 2008. (*Id.* ¶ 13.)

The plaintiff alleges that, on May 28, 2009, he was sentenced on the charges of battery and substantially battery.[1] (Compl. ¶ 16.) The plaintiff attaches a copy of the judgment of conviction related to those charges to his complaint. (ECF No. 1-1 at 2–3 of 5.) The judgment shows that, on Count 1 (battery), the plaintiff was sentenced to a bifurcated sentence consisting of four years of initial confinement and fifteen months of extended supervision. On Count 2 (substantial battery), the plaintiff was sentenced to a bifurcated sentence consisting of five years of initial confinement and two years of extended supervision. The judgment provides that the sentence on Count 2 is consecutive to Count 1 but that the sentences on both counts are concurrent to the sentence that the plaintiff was serving in connection with the revocation of his probation. Finally, the judgment indicates that the plaintiff was to receive credit for 104 days' time served.

On February 13, 2018, the plaintiff was released from prison and began serving his term of extended supervision on Counts 1 and 2. (Compl. ¶ 21.) As noted, the plaintiff's sentence calls for him to serve a total of three years and three months on extended supervision: fifteen months on Count 1 and two years on Count 2. The plaintiff, however, alleges that his sentence expired on November 20, 2018, only nine months after he was released onto extended supervision. (*Id.* ¶ 22.) In the complaint, the plaintiff includes the computation that he used to arrive at this conclusion. (*Id.* at pp. 14–15.) Under this computation, the plaintiff believes that he began serving his battery and substantial battery sentences on December 3, 2008, the same date on which he began serving his two-year revocation sentence. The plaintiff further believes that, because the

---

[1] The charge of intimidating a victim did not result in a conviction.

judgment of conviction provides that Counts 1 and 2 are to run concurrent with the revocation sentence, the first two years of initial confinement on both Counts 1 and 2 were running while he was also serving the revocation sentence. Based on this belief, the plaintiff contends that he had only five years left on his term of initial confinement on Counts 1 and 2 when his revocation sentence expired on December 3, 2010—two years left on Count 1 and three years left on Count 2. Therefore, the plaintiff believes, his three-year-and-three-month term of extended supervision should have commenced on December 3, 2015 and ended on March 3, 2019. Finally, the plaintiff alleges that, after accounting for his 104 days of credit for time served, his sentence actually expired on November 20, 2018.

The Wisconsin Department of Corrections ("DOC") does not agree with the plaintiff's computations. The complaint alleges facts showing that the DOC continues to subject the plaintiff to the requirements of his extended supervision. (Compl. ¶¶ 24–31.) Most recently, the DOC initiated revocation proceedings against the plaintiff after he was arrested on November 7, 2021, and the plaintiff remains in custody pending a revocation hearing. (*Id.* ¶ 31.)

The plaintiff contends that, because, under his computations, his sentence expired on November 20, 2018, all the time that he has spent on extended supervision and/or in custody since that date amounts to illegal imprisonment in violation of the Constitution's Eighth Amendment. (Compl. ¶¶ 1–2.) The plaintiff further alleges that, because his sentence has expired yet he continues to be treated as if he is still on extended supervision, all the defendants must have conspired with each other to keep him in custody or on extended supervision beyond the expiration of his sentence.

For relief, the plaintiff seeks injunctive relief against the ongoing state revocation proceedings, an order requiring the defendants to immediately release him from custody, and monetary damages. (Compl. at pp. 24–26.)

**C. Analysis**

The plaintiff's sentence computation is flatly inconsistent with the judgment of conviction attached to the complaint, and therefore the complaint fails to state a claim upon which relief can be granted. *See, e.g., Squires-Cannon v. Forest Preserve Dist. of Cook Cty.*, 897 F.3d 797, 802 (7th Cir. 2018) (exhibits attached to the complaint trump contradictory allegations). As explained above, the judgment of conviction for battery and substantial battery shows that the plaintiff received a total sentence of nine years of confinement and three years and three months of extended supervision. This sentence commenced on May 28, 2009. *See* Wis. Stat. § 973.15(1) (providing that all sentences commence at noon on the day of sentence). At that point, the plaintiff was entitled to 104 days of credit for time served, so the date to begin any calculation of his sentence was February 14, 2009. The plaintiff erroneously believes that, because the sentences on Counts 1 and 2 were to run concurrent with his two-year revocation sentence, his sentences on Counts 1 and 2 began running on December 3, 2008, the date on which he began serving the revocation sentence. However, the concurrent designation did not cause the sentences on Counts 1 and 2 to retroactively begin running on the date that the revocation sentence commenced. Instead, that designation meant that the commencement of the sentences on Counts 1 and 2 would not be *deferred* until the plaintiff finished serving his revocation sentence, as it would have been had the sentences been consecutive to the revocation sentence.

The plaintiff also erroneously believes that, because the sentences on Counts 1 and 2 were concurrent with the revocation sentence, the period of confinement for *both* Counts 1 and 2 were running while the plaintiff was finishing his revocation sentence. This belief is erroneous because the judgment provides that the sentence on Count 2 is consecutive to the sentence on Count 1. In other words, the plaintiff was sentenced to a total of nine years' initial confinement on Counts 1 and 2, and it was this nine-year period that ran concurrent with the revocation sentence. Accordingly, the nine-year period of confinement on Counts 1 and 2 ran from February 14, 2009 to February 14, 2018, and the DOC correctly released the plaintiff onto extended supervision on February 14, 2018.[2]

Because the plaintiff's calculation of his sentence is inconsistent with the judgment of conviction, and because all his claims depend on that erroneous calculation, the plaintiff does not have any viable federal claim against any of the defendants, and his complaint must be dismissed on the merits under 28 U.S.C. § 1915A(b)(1). However, the complaint is subject to dismissal on additional grounds. First, the plaintiff's claim for immediate or speedier release from custody is not cognizable in a civil action; the plaintiff may pursue such relief in federal court only through a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Second, the plaintiff

---

[2] If the plaintiff had served his entire term of extended supervision (three years and three months) without incident, he would have completed his sentence on May 14, 2021. However, as explained in my order denying the plaintiff's habeas petition, the plaintiff absconded from extended supervision on May 17, 2019, which tolled his sentence until he was arrested on November 7, 2021.

cannot pursue his claims for damages at this time because (a) success on the claims would imply the invalidity of his sentence and (b) the plaintiff has not had the sentence set aside through a writ of habeas corpus or other proper procedure for challenging a conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Here, the plaintiff's claim for damages would imply that his sentence is invalid, and therefore the rule of *Heck* applies. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* to civil action challenging sentence computation). Finally, to the extent the plaintiff seeks an injunction against the ongoing state revocation proceedings, this court would have to abstain from hearing the claim under *Younger v. Harris*, 401 U.S. 37 (1971). *See Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (citing *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000) for the proposition that "section 1983 claims may be barred by *Younger* abstention when a plaintiff seeks to derail an ongoing probation revocation proceeding").

Dismissals under *Heck* and *Younger* are without prejudice. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019); *Moses v. Kenosha Cnty.*, 826 F.2d 708, 710 (7th Cir. 1987). However, because I have also determined that the plaintiff's claims fail on the merits, I will dismiss this suit with prejudice. I have explained that the claims would be barred by *Heck* and *Younger* only to show that the claims would have to be dismissed even if I were mistaken in thinking that they failed on the merits. *See Polzin v. Gage*, 636

F.3d 834, 838 (7th Cir. 2011) (district court may bypass *Heck* and address merits of *Heck*-barred claim).[3]

Finally, I note that, although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018). Here, I conclude that any amendment would be futile because it is clear from the complaint and attachments that the plaintiff's beliefs regarding the computation of his sentence are erroneous.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to proceed without prepaying the filing fee (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall document that this inmate has incurred a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $350 filing fee **by collecting payments**

---

[3] To the extent that I am barred from considering the merits of a claim for injunctive relief to which *Younger* applies, I note that this would not prevent me from rejecting the plaintiff's claims for damages on the merits. And because the legal theory underlying all the claims is the same and is plainly defective, I deem it appropriate to dismiss all claims on the merits. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013) (district court may dismiss frivolous claim with prejudice even if the dismissal is for lack of subject matter jurisdiction).

**from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than

10
Case 2:22-cv-00239-LA   Filed 04/08/22   Page 10 of 11   Document 7

one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 8th day of April, 2022.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge